IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MILTON ENRIQUE SANABRIA-BOLANOS,

        Movant,

vs.                                          No. CV 15-00835 KG/SCY
                                                No. CR 14-02117 KG

UNITED STATES OF AMERICA,

        Respondent.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court on Movant Milton Enrique Sanabria-Bolanos' Motion to Vacate, Set Aside or Correct Sentence Pursuant Section 2255 ("Motion") (CV Doc. 1; CR Doc. 55), Notice and Motion to Vacate Verdict/Plea and Dismiss Indictment With Prejudice (CV Doc. 14, 16; CR Doc. 64, 66), and Ineffective Assistance of Counsel (CV Doc. 15, 17; CR Doc. 65, 67). The Court will construe Sanabria-Bolanos' Notice and Motion to Vacate and his Ineffective Assistance of Counsel as requests to amend his 28 U.S.C. § 2255 Motion, will deny the requests, and will dismiss his § 2255 Motion.

      On September 10, 2014 Sanabria-Bolanos pled guilty to a one-count indictment charging Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b). (CR Doc. 16, 26, 27). Sanabria-Bolanos was sentenced and final judgment was entered by the Court on February 3, 2015. (CR Doc. 30, 31). Sanabria-Bolanos appealed his sentence to the United States Court of Appeals for the Tenth Circuit on March 3, 2015. (CR Doc. 38)  The Judgment was affirmed by

1

that Court by Order dated August 11, 2015, and the Mandate issued on September 2, 2015. (CR Doc. 54).

Sanabria-Bolanos filed his original § 2255 Motion to vacate his sentence on September 21, 2015. (CV Doc. 1; CR Doc. 55). His original Motion sought correction of his sentence because (1) he qualifies for the Fast Track Program, (2) his counsel requested a downward departure which was denied even though the facts are conclusive and should have been taken into consideration, (3) because "affidavits and reliable witness testimony, as well the Probationary Report dictated a downward departure," and (4) the 16-level enhancement was inappropriately applied. (CV Doc. 1 at 2; CR Doc. 55 at 2). The Court ordered the United States to answer the original §2255 Motion, and the United States' Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was filed on December 8, 2015. (CV Doc. 8; CR Doc. 58).

His Notice of and Motion to Vacate Verdict/Plea and Dismiss Indictment With Prejudice Failure to Establish Jurisdiction (CV Doc. 14, 16; CR Doc. 64, 66) ("Notice and Motion-Failure to Establish Jurisdiction") was then filed on March 25, 2016. In the Notice and Motion-Failure to Establish Jurisdiction, Sanabria-Bolanos argues that in his criminal proceeding the United States failed to establish special maritime or territorial jurisdiction under 18 U.S.C. § 7(c) and, as a result, failed to rebut the presumption against federal jurisdiction over acquired land. (CV Doc. 14 at 1; CR Doc. 64 at 1).

Also on March 25, 2016, Sanabria-Bolanos filed his document titled "Ineffective Assistance of Counsel." (CV Doc. 15, 17; CR Doc. 65, 67). He claims that his counsel was ineffective (1) in failing to disclose a conflict of interest, (2) because he did not understand his plea, (3) in failing to have him remanded into immigration custody so he could have his asylum

claim proceed concurrently with his criminal sentence, and (4) in failing to raise and preserve issues relating to his asylum claim on appeal. (CV Doc. 15, 17; CR Doc. 65, 67). The United States objected to both the Notice and Motion-Failure to Establish Jurisdiction and Ineffective Assistance of Counsel filings on the grounds that they are properly construed as motions to amend and should be denied because they could have been, but were not, raised in his original § 2255 Motion. (CV Doc. 18-1; CR Doc. 68-1).

On May 9, 2016, Sanabria-Bolanos filed his Notice of Timely and Sufficient Reservation and Preservation of Right (28 U.S.C. 2255(F)(3) Under Johnson v. United States (CV Doc. 21; CR Doc. 70). The Court construed his Notice of Timely and Sufficient Reservation as a request to amend his existing 2255 motion to include a claim for relief under *Johnson v. United States,* ___ U.S. ___, 135 S.Ct. 2551, 2556 (2015), and denied his request to amend on the grounds that he is clearly ineligible for relief under *Johnson* and amendment of his 2255 motion would be futile. (CV Doc. 23; CR Doc. 74). *See United States v. Ohiri,* 133 Fed. App'x 555, 559 (10th Cir. 2005); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Sanabria-Bolanos filed the same Notice in the Tenth Circuit and, on June 6, 2016, was similarly denied leave to proceed under § 2255 on the grounds that he is ineligible for *Johnson* relief. (CV Doc. 25; CR Doc. 75).

## **DENIAL OF LEAVE TO AMEND**

At the time of filing of his March 25, 2016, Notice and Motion-Failure to Establish Jurisdiction and Ineffective Assistance of Counsel, Sanabria-Bolanos' original §2255 Motion was still pending on the merits. As such, the March 25, 2016, filings are properly treated as requests to amend his original Motion. *United States v. Ohiri,* 133 Fed. App'x at 559. The Court will deny leave to amend on the grounds that the issues raised in the March 25, 2016,

filings were available and should have been asserted in his original Motion and allowing Sanabria-Bolanos leave to amend would be futile.

Rule 2 of the Rules Governing Section 2255 Proceedings governs the form of motions to vacate, set aside, or correct a sentence. That rule states that "[t]he motion ***must***: (1) specify ***all*** grounds for relief available to the moving party." Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings (emphasis added). Both his argument that the United States failed to establish jurisdiction in his criminal case and his argument that criminal trial and appellate counsel were ineffective were grounds available to Sanabria-Bolanos at the time he filed his § 2255 Motion in September, 2015. Under Rule 2, he was mandatorily required to specify those grounds in his original filing, but failed to do so. Sanabria-Bolanos may not seek to raise new issues in a piecemeal manner and in violation of the requirements of Rule 2(b)(1).

Further, although the Court is to grant amendments freely when justice requires, the Court should deny a request to amend where the proposed amendment would be futile. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). The amendments proposed by Sanabria-Bolanos would be futile. First, the special maritime and territorial jurisdiction of the United States has no application to Sanabria-Bolanos criminal prosecution and the United States was not required to establish special territorial jurisdiction over acquired lands. See 18 U.S.C. §7(3). Second, Sanabria-Bolanos conclusory claim of a conflict of interest by counsel is unsupported by any facts and his appointed criminal defense counsel had no ability or duty to assert his asylum claim issues in his criminal case. Sanabria-Bolanos would not be eligible for § 2255 relief based on either his jurisdictional or ineffective assistance of counsel arguments and allowing him to amend to add them would be futile. *Curley v. Perry*, 246 F.3d at 1284.

**DENIAL OF § 2255 RELIEF**

In his original § 2255 Motion, Sanabria-Bolanos raises four grounds for relief:

> (1) he qualifies for the Fast Track Program, (2) his counsel requested a downward departure which was denied even though the facts are conclusive and should have been taken into consideration, (3) because "affidavits and reliable witness testimony, as well the Probationary Report dictated a downward departure," and (4) the 16-level enhancement was inappropriately applied.

(CV Doc. 1 at 2; CR Doc. 55 at 2). The United States raises the issue of procedural default with respect to all four issues. (CV Doc. 8 at 6-9; CR Doc. 58 at 6-9). The general rule in cases under 28 U.S.C. § 2255 is that a defendant must raise a claim on direct appeal or the defendant is barred from seeking relief on the claim by collateral review. When a defendant fails to raise an issue on direct appeal, he is barred from raising that issue in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the claimed error, or can show that a fundamental miscarriage of justice will occur if the issue is not addressed. *United States v. Hollis,* 552 F.3d 1191, 1193–94 (10th Cir.2009).

Sanabria-Bolanos did not raise any of the four issues in his direct appeal. See CR Doc. 54-1. Nor does he show any cause to excuse his procedural default in failing to raise the issues on appeal from his conviction and sentence. Further, even if Sanabria-Bolanos could demonstrate cause to excuse the procedural default, he would be unable to establish actual prejudice from any of the claimed errors or a fundamental miscarriage of justice if those issues are not addressed. First, although he now claims he qualified for the Fast Track Program, the record establishes that he was offered a fast-track plea agreement, but he rejected the offer. See Tr. 2/3/15 at 7-11. With respect to his second and third issues, the record also demonstrates that the Court considered the arguments and evidence presented by Sanabria-Bolanos in support of his request for a downward departure and concluded that such a departure was not warranted.

5

Tr. 2/3/15 at 2-10, 11-14.  Sanabria-Bolanos' disagreement with the Court's ruling does not constitute legal or factual error that would support § 2255 relief.  Last, the 16-level enhancement was properly applied by the Court and similarly does not constitute judicial error.  *See* USSG § 2L1.2(b)(1)(A)(ii); *United States v. Juarez-Galvan,* 572 F.3d 1156, 1161 (10th Cir. 2009).

The four issues raised by Sanabria-Bolanos are without merit and Sanabria-Bolanos cannot demonstrate either prejudice or a fundamental miscarriage of justice.  All four claims are barred by his procedural default in failing to raise them in his direct appeal.  *United States v. Hollis,* 552 F.3d at 1193–94.  Therefore, the Court will deny his § 2255 Motion.

### DENIAL OF ALL REMAINING MOTIONS

Also pending before the Court are three motions to strike unsigned filings (CV Doc. 12, 27, 28; CR Doc. 62) and two motions requesting the status of Sanabria-Bolanos' § 2255 Motion (CV Doc. 29, 30; CR Doc. 76, 77).  All three of the motions to strike unsigned filings are directed to the United States' Response to the § 2255 Motion (CV Doc. 8; CR Doc. 58) and claim that the Response does not have a valid electronic signature.  The United States' Response was properly filed through the Court's CM/ECF system in accordance with the Court's rules and proper electronic filing constitutes the valid electronic signature. See D.N.M. LR-Civ. 11.1.  The three motions to strike are without merit and will be denied.  Last, the two motions requesting the status of the § 2255 Motion will be denied as moot in light of this Memorandum Opinion and Order.

**IT IS ORDERED:**

(1)  Movant Milton Enrique Sanabria-Bolanos' Notice and Motion-Failure to Establish Jurisdiction and Ineffective Assistance of Counsel (CV Doc. 14, 15, 16, 17; CR Doc. 64, 65, 66, 67), which are construed as  requests to amend, are **DENIED**;

(2) Movant Sanabria-Bolanos' Motion to Strike Unsigned Filing (CV Doc. 12, CR Doc. 62), Motion to Strike Unsigned Filing (CV Doc. 27), Motion to Strike Unsigned Filing (CV Doc. 28), Motion for Status (CV Doc. 29; CR Doc. 76) and Motion for Status (CV Doc. 30; CR Doc. 77) are **DENIED**; and

(3) Movant Sanabria-Bolanos' Motion to Vacate, Set Aside or Correct Sentence Pursuant to Section 2255 (CV Doc. 1; CR Doc. 55) is **DENIED** and judgment will be entered dismissing his § 2255 claims.

_____
UNITED STATES DISTRICT JUDGE